UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATARI INTERACTIVE, INC., <br> Plaintiff, <br> v. <br> SUNFROG, LLC, <br> Defendant. | Case No. 18-cv-04949-JST <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br> Re: ECF No. 23 |

Before the Court is Defendant SunFrog, LLC's motion to dismiss the fifth claim for relief for common law unfair competition. ECF No. 23. The Court will deny the motion.

## I. BACKGROUND

Plaintiff Atari Interactive, Inc. alleges that it owns various copyrights and trademarks that SunFrog infringes in the following manner:

> Through SunFrog's website, www.sunfrog.com, visitors can upload designs that SunFrog then displays on a variety of products – from t-shirts to phone cases to mugs – pictured on the site. SunFrog offers for sale the products on display. If a visitor to the site orders a product, SunFrog makes, ships, and processes the payment for the product. SunFrog then splits the profits with the person who originally uploaded the design.
>
> SunFrog is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from massive quantities of counterfeit Atari products. Many of the counterfeit products incorporate exact replicas of the registered ATARI trademark (name and logo) on products in the classes for which the marks are registered. Other counterfeit products incorporate easily identifiable depictions of the Atari 2600 console and joystick with the distinctive red button. . . .
>
> In addition, SunFrog is advertising, marketing, creating, displaying, offering for sale, selling, distributing, and profiting from products incorporating copyrights owned by Atari.

1  ECF No. 1 ¶¶ 15-17 (paragraph numbers omitted). Atari asserts various trademark and copyright

2  infringement claims, as well as a claim for "common law unfair competition." *Id.* ¶¶ 20-78.

3  SunFrog now moves to dismiss the unfair competition claim.

## II.     LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Federal Rule of Civil Procedure 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III.    DISCUSSION

SunFrog argues that Atari's common law unfair competition claim is preempted by the federal Communications Decency Act ("CDA"). The CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1), and "expressly preempts any state law to the contrary," *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (citing 47 U.S.C. § 230(e)(3)). The statute "protects from liability (1) a provider or

user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100-01 (9th Cir. 2009) (footnote omitted). Whether a claim is preempted under § 230(c)(1) depends on whether it "inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another. To put it another way, courts must ask whether the duty that the plaintiff alleges the defendant violated derives from the defendants' status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." *Id.* at 1102.

"Liability for sales of a product do not . . . fall under the province of the CDA because such claims do not treat the defendants 'as the publisher or speaker' of third-party information." *Parisi v. Sinclair*, 774 F. Supp. 2d 310, 318 n.3 (D.D.C. 2011) (quoting 47 U.S.C. § 230(c)(1)). Consequently, where companies do more than just "provide[] the online marketplace where third-parties [can] list and sell goods to customers" and instead actually are "distributors" of the goods, they "cannot rely on CDA immunity as a defense to plaintiffs' distributor-based claims." *Id.*

One district court has already rejected SunFrog's preemption arguments in a case similar to this one. The complaint in that case alleged that "Defendants Sunfrog and Merchpond have worked in concert to manufacture, distribute, sell, and offer to sell merchandise on their sunfrog.com and teemom.com websites. Merchpond manufactures, sells, and fulfills sales of merchandise for Sunfrog and third parties." *Bravado Int'l Grp. Merch. Servs., Inc., v. GearLaunch, Inc.*, No. CV 16-8657-MWF (CWx), 2018 WL 6017035, at *1 (C.D. Cal. Feb. 9, 2018). The court concluded that the CDA does not preempt state law claims "to the extent [they] are premised on Defendants' alleged manufacturing and sale of Infringing Merchandise, and not merely passive publication of designs created by third parties."[1] *Id.* at *6.

---

[1] SunFrog mischaracterizes this decision as "analyzing a motion to dismiss ***brought by 'Merchpond Manufacturing, LLC.'*** *See id.* at 1 ('Before the Court is Defendant[] . . . Merchpond Manufacturing, LLC . . . Motion to Dismiss')." ECF No. 49 at 5 (alterations and emphasis in original) (quoting *Bravado*, 2018 WL 6017035, at *1). SunFrog disingenuously removed language that clearly identified the motion as being brought by SunFrog, Merchpond, and a third defendant: "Before the Court is Defendants *SunFrog, LLC*, Merchpond Manufacturing, LLC, and Josh Kent's (together 'Defendants') Motion to Dismiss . . . ." *Bravado*, 2018 WL 6017035, at *1 (emphasis added).

SunFrog does not dispute that claims based on the manufacture and sale of goods are not preempted by the CDA. Instead, it argues that, "Atari's complaint has no allegation to suggest SunFrog manufactures the disputed goods."[2] ECF No. 49 at 5. However, the complaint alleges that SunFrog "regularly markets and sells goods," "offers for sale the products on display," "makes, ships, and processes the payment" for products that are ordered by visitors to its website, and is "creating . . . counterfeit Atari products" and "products incorporating copyrights owned by Atari." ECF No. 1 ¶¶ 5, 15-17. At this stage of the proceedings, the Court must accept these allegations as true. SunFrog criticizes the complaint for not "explain[ing] how or where SunFrog allegedly makes these products," ECF No. 49 at 4, but this level of detail is not required by Rule 8. Although some "naked assertion[s]," such as those regarding a conspiracy, might require "further factual enhancement" to state a plausible claim for relief, the allegations here are distinct. *Twombly*, 550 U.S. at 557. In *Twombly*, the Court explained that, "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* at 556-57. Here, by contrast, the alleged facts that SunFrog manufactures and sells the allegedly infringing goods are sufficient, without more, to bring Atari's claim outside the scope of the CDA; no factual enhancements are needed. Atari has stated a plausible claim for relief that is not preempted by the CDA.

## CONCLUSION

SunFrog's motion to dismiss Atari's unfair competition law claim is denied.

**IT IS SO ORDERED.**

Dated: August 13, 2019

_____
JON S. TIGAR
United States District Judge

---

[2] SunFrog makes no arguments regarding allegations as to the sale of goods.